## THE L. STARKS COMPANY V. J. E. BREWER.

No. 15,406.· (95 Pac. 402.)

### SYLLABUS BY THE COURT.

CONTRACTS—*Sale of Personalty—Offer and Acceptance.* The defendant sent a letter to the plaintiff which reads: "Gentlemen—Kindly quote me your lowest price on a car of bright Early Ohio seed potatoes. I am not particular about the shipment being made for several weeks, but if the mild weather continues it will not be long before we will need them." Plaintiff answered by a letter which reads: "Referring to yours of 13, beg to advise that we would quote you on a car or two of our Wisconsin Ohio potatoes at 88c per bushel sacked, delivered Abilene. Quote this price to you subject to your acceptance by Wednesday. If you wished us to hold the stock for you beyond the first of February we would sell you under contract and ask you to carry $100 per car of the cost." The defendant replied by the following telegram: "Letter received, accept for two cars, send along your contracts." *Held,* that this correspondence does not constitute a contract for the sale of two car-loads of potatoes at 88 cents per bushel, delivered at Abilene, but the defendant by his telegram intended to accept the offer contained in the last clause of the plaintiff's letter.

Error from Dickinson district court; OSCAR L. MOORE, judge. Opinion filed April 11, 1908. Affirmed.

*C. C. Towner,* for plaintiff in error.

*S. S. Smith,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: This is an action by the L. Starks Company to recover from J. E. Brewer the price of two carloads of potatoes. The action was commenced in the district court of Dickinson county July 11, 1906. A demurrer to the petition, on the ground that it did not state facts sufficient to constitute a cause of action, was sustained, and the plaintiff brings that question here for review. The petition alleges a sale of the potatoes

upon a written contract consisting of correspondence, which reads:

*(Letter from defendant to plaintiff.)*

"ABILENE, KAN., January 13, 1906.

"*L. Starks Company, Chicago, Ill.:*

"GENTLEMEN——Kindly quote me your lowest price on a car of bright Early Ohio seed potatoes. I am not particular about the shipment being made for several weeks, but if the mild weather continues it will not be long before we will need them.     Yours truly,

J. E. BREWER."

*(Letter from plaintiff to defendant.)*

"CHICAGO, January 15, 1906.

"*J. E. Brewer, Abilene, Kan.:*

"DEAR SIR—Referring to yours of 13, beg to advise that we would quote you on a car or two of our Wisconsin Ohio potatoes at 88c per bushel sacked, delivered Abilene.   Quote this price to you subject to your acceptance by Wednesday.   If you wished us to hold the stock for you beyond the first of February we would sell you under contract and ask you to carry $100 per car of the cost.   Yours truly,   L. STARKS COMPANY."

*(Telegram from defendant to plaintiff.)*

"*L. Starks Company, Chicago, Ill.:*

"Letter received, accept for two cars, send along your contracts.                    J. E. BREWER."

The foregoing letter of the plaintiff contains two propositions: One to deliver potatoes at Abilene for eighty-eight cents per bushel, if the offer is accepted by Wednesday; and another to sell under a contract to deliver after February 1.   The telegram of the defendant was intended to accept one of these propositions, it is not very clear which; but the words "send along your contracts" indicate that it was the latter.   These words respond directly to that part of the letter, and not to the other clause.   Business telegrams as a rule contain as few words as possible, and each word is chosen with care by the sender so that he may be clearly understood. It seems reasonable, in this view, to assume that the word "contracts" was used in this instance to indicate an intention to purchase for delivery after February 1, as mentioned in the plaintiff's letter.

The correspondence, all taken together, is too indefinite to indicate a contractual purpose under the other offer. If the defendant intended to avail himself of a delivery at eighty-eight cents per bushel, it is reasonable to assume that instead of using the words "send along your contracts," which do not have an intelligible connection with such offer, he would have given the date when he wished the potatoes delivered. Considering the whole transaction, we conclude that no contract was consummated.

The judgment of the district court is affirmed.